IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF | ) | |
| ELECTRICAL WORKERS LOCAL UNION | ) | |
| NO. 22; IBEW LOCAL22/NECA HEALTH | ) | |
| AND WELFARE PLAN; IBEW LOCAL 22/NECA | ) | |
| PENSION PLAN A; IBEW LOCAL 22/NECA | ) | |
| DEFINED CONTRIBUTION PLAN B; OMAHA | ) | |
| BROTHERHOOD OF ELECTRICAL WORKERS | ) | |
| LOCAL 22 VACATION- HOLIDAY TRUST | ) | |
| FUND, NEBRASKA ELECTRICAL JOINT | ) | |
| APPRENTICESHIP AND TRAINING TRUST | ) | |
| FUND; NATIONAL ELECTRICAL BENEFIT | ) | |
| FUND, LOCAL LABOR MANAGEMENT | ) | |
| COOPERATING COMMITTEE; NATIONAL | ) | |
| LABOR MANAGEMENT COOPERATING | ) | |
| COMMITTEE; AND NATIONAL ELECTRICAL | ) | |
| CONTRACTORS ASSOCIATION | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No:  8:21-cv-263 |
| | ) | |
| LANGER ELECTRIC COMPANY, INC. | ) | |
| Serve:  Registered Agent | ) | |
| Michael J. Sands | ) | |
| 1055 North 115th Street | ) | |
| Suite 302 | ) | |
| Omaha, NE 68154 | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

Plaintiffs, for their causes of action against Defendant Langer Electric Company, Inc. state as

follows:

**PLAINTIFFS' REQUEST FOR PLACE OF TRIAL**

1.    Pursuant to District of Nebraska Rule 40.1(b), Plaintiffs hereby request that trial in this

matter be held in Omaha, Nebraska.

2.    This is an action brought pursuant to § 301(a) of the Labor Management Relations Act of

1947 ("LMRA"), 29 U.S.C. § 185(a) for breach of a labor agreement, and pursuant to §§ 502 and 515 of

the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, to collect fringe benefit contributions from the Defendant due and owing to the Plaintiffs.

## NATURE OF THE CASE

3.     This Complaint brings an action to collect delinquent dues and fringe benefit contributions from Defendant that are due and owing pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, §301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and pursuant to collective bargaining agreements (hereinafter "CBAs") with Plaintiff International Brotherhood of Electrical Workers Local Union No. 22 (hereinafter "Local 22").  This action also seeks to compel Defendant Langer to comply with an audit of its payroll, wage, and other records in accordance with its contractual obligations.

## PARTIES

4.     Plaintiff Local 22 is a "labor organization representing employees in an industry affecting commerce" within the meaning of §§ 2 and 301(a) of the LMRA, 29 U.S.C. §§ 152 and 185(a), and is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 185(b).

5.     Plaintiff International Brotherhood of Electrical Workers Local Union No. 22/NECA Health and Welfare Plan (hereinafter "the Health and Welfare Plan") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3).  The Health and Welfare Plan is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).  The Health and Welfare Plan maintains its principal place of administration at 8960 L Street, Suite 101, Omaha, Nebraska 68127-1406, which is located within the territorial boundaries of the District of Nebraska.  The Health and Welfare Plan is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

6.     Plaintiff IBEW Local 22/NECA Pension Plan A (hereinafter "Pension Plan A") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3).  Pension Plan A is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).  Pension Plan A maintains its principal place of administration at 8960 L Street, Suite 101, Omaha, Nebraska 68127-1406, which is located within the territorial boundaries of the District of Nebraska.  Pension Plan A is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

7.     Plaintiff IBEW Local 22/NECA Defined Contribution Plan B (hereinafter "Pension Plan B") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3).  Pension Plan B is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).  Pension Plan B maintains its principal place of administration at 8960 L Street, Suite 101, Omaha, Nebraska 68127-1406, which is located within the territorial boundaries of the District of Nebraska.  Pension Plan B is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

8.     Plaintiff Omaha Brotherhood of Electrical Workers Local No. 22 Vacation-Holiday Trust Fund (hereinafter "the Vacation Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3).  The Vacation Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1130(d). The Vacation Fund maintains its principal place of administration at 8960 L Street, Suite 101, Omaha, Nebraska 68127-1406, which is located within the territorial boundaries of the District of Nebraska. The Vacation Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) and (6) of the LMRA, 29 U.S.C. § 186(c)(5) and (6).

9.     Plaintiff Nebraska Electrical Joint Apprenticeship and Training Trust Fund (hereinafter "Apprenticeship Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3).  The

Apprenticeship Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Apprenticeship Fund maintains its principal place of administration at Electrical Industry Center, Suite 200, 8960 L Street, Omaha, Nebraska 68127-1406, which is located within the territorial boundaries of the District of Nebraska. The Apprenticeship Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

10.     Plaintiff National Electrical Benefit Fund (hereinafter "National Electrical Benefit Fund" or "NEBF") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The National Electrical Benefit Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The National Electrical Benefit Fund maintains its principal place of administration at 2400 Research Blvd., Suite 500, Rockville, Maryland 20850-3266. The National Electrical Benefit Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

11.     Plaintiffs Health and Welfare Plan, Pension Plan A, Pension Plan B, Vacation Fund, Apprenticeship Fund and NEBF (hereinafter "Plaintiff Funds") are each a "multiemployer plan" within the meaning of 29 U.S.C. §1002(37) and have been established and are maintained pursuant to §302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5).

12.     Plaintiff IBEW Local Union No. 22 Labor Management Cooperation Committee (hereinafter "LLMCC") is an "industry wide labor management committee" within the meaning of § 302(c)(9) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c)(9) and maintains its principal place of business at 8960 L Street, Suite 101, Omaha, Nebraska 68127-1406, which is located within the territorial boundaries of the District of Nebraska. The LLMCC is a legal entity that may sue or be sued.

4

13.     Plaintiff National Labor-Management Cooperation Committee (hereinafter "NLMCC") is a labor-management cooperation fund created under authority of Section 6(b) of the Labor Management Cooperation Act of 1978, 29 U.S.C. § 175a(a), and Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9). Plaintiff NLMCC is a legal entity that may sue or be sued.

14.     Plaintiff Nebraska Chapter of the National Electrical Contractors Association (hereinafter "NECA") is an employer association that maintains an Administrative Maintenance Fund (hereinafter "AMF") and collects NECA dues as authorized by collective bargaining agreements with Plaintiff Local 22.  Plaintiff NECA maintains its principal place of business located at 8960 L Street, Suite 100, Omaha, NE 68127-1406, which is located within the territorial boundaries of the District of Nebraska.  Plaintiff NECA is a legal entity that may sue or be sued.

15.     Defendant Langer Electric Company, Inc. (hereinafter "Defendant Langer") is an active Domestic Corporation in good standing existing under and pursuant to the laws of the State of Nebraska and may be served at the office of its registered agent, Michael J. Sands, 1055 North 115th Street, Suite 302, Omaha, Nebraska 68154.  Defendant Langer is an employer within the meaning of 29 U.S.C. § 1002(5).

## **JURISDICTION**

16.     This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§185(c), 1132, and 1145; and also pursuant to 28 U.S.C. §§ 1331 and 1367(a).

17.     Venue is appropriate in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b) because Plaintiffs Local 22, Health and Welfare Plan, Pension Plan A, Pension Plan B, Vacation Fund, Apprenticeship Fund, LLMCC, NECA, and Defendant Langer are administered and/or operate in the State of Nebraska, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the State of Nebraska.

5

**CAUSE OF ACTION**

18.     Plaintiffs restate and incorporate herein Paragraphs 1 through 17.

19.     Defendant Langer is a party to one or more CBAs with Plaintiff Local 22, and the CBAs govern the terms and conditions of employment of all employees of Defendant Langer performing work covered by such CBAs. Said CBAs have been in effect at all times relevant to this action.

20.     At all times relevant to this action, based upon information and belief Defendant Langer has employed and continues to employ individuals who perform work covered by the CBAs with Local 22.

21.     Each Plaintiff Fund was established and operates pursuant to a written agreement and/or declaration of trust (hereinafter "Trust Agreements"). These Trust Agreements are incorporated by reference into, and are a material part of, the CBAs between Local 22 and Defendant Langer.

22.     Among other duties imposed under the CBAs, Defendant Langer is required to make contributions to Plaintiff Funds, which provide health, retirement, training, and other benefits to employees of contractors, such as Defendant Langer, who are signatory to CBAs with Plaintiff Local 22. Defendant Langer is required to submit contributions to Plaintiff Funds each month in such amounts as determined by the number of hours of covered work performed by Defendant Langer's employees at the rates established for Plaintiff Funds in the CBAs and Trust Agreements.

23.     The CBAs with Plaintiff Local 22 also require that Defendant Langer make contributions to Plaintiff NECA for the AMF and NECA dues based upon payroll hours worked at the rates specified in the CBAs with Plaintiff Local 22.

24.     The CBAs with Plaintiff Local 22 also require that Defendant Langer make contributions to Plaintiff NLMCC based upon payroll hours worked at the rates specified in the CBAs with Plaintiff Local 22.

25. The CBAs with Plaintiff Local 22 also require that Defendant Langer make contributions to Plaintiff LLMCC based upon payroll hours worked at the rates specified in the CBAs with Plaintiff Local 22.

26. The CBAs require that Defendant Langer deduct dues from the wages of all covered employees based upon each payroll hour worked by such employees and then remit such deductions to Plaintiff Local 22. The work assessments are to be deducted in accordance with the terms of an individual and written authorization for check-off of membership dues in a form permitted by § 302(c) of the LMRA, 29 U.S.C. § 186(c).

27. The CBAs, which incorporate the Trust Agreements and duly-adopted rules of Plaintiff Funds and the terms of dues checkoff authorizations, require that the payroll deductions and fringe benefit contributions to Plaintiffs described in paragraphs 22 to 26 above be made at the end of each month to a designated collection agent.  Payments not made by the 15th day of the following month are deemed delinquent.

28. The CBAs and the Trust Agreements and duly-adopted rules of Plaintiff Funds further require Defendant Langer to submit upon request to an audit of its payroll, wage, and any other records to permit the Plaintiff Funds to determine whether Defendant Langer is correctly reporting and paying all contribution amounts owed each month.  The CBAs and the incorporated Trust Agreements of Plaintiff Funds provide that if Defendant Langer fails to furnish or make available such payroll records, the amount of the monthly contributions for which Defendant Langer is obligated to pay may be projected to be the greater of (a) the average of the monthly payments or reports actually submitted by Defendant Langer for the last three (3) months for which payments or reports were submitted or (b) the average of the monthly payments or reports submitted by Defendant Langer for the last twelve (12) months for which payments or reports were submitted.

29.     Defendant Langer has failed to report or remit contributions due and owing to Plaintiffs for the work months of December 2020 through the present.

30.     On February 3, 2021, in response to communications from Plaintiffs regarding its delinquency, Defendant Langer replied that it would no longer be making contributions due to being "kicked out of the hall."

31.     On February 9, 2021, Plaintiffs sent a formal demand letter to Defendant Langer demanding that it submit payment for the work month of December 2020, together with interest and liquidated damages owed on the delinquent contributions. The letter also demanded payment of an additional amount for contributions underpaid for the work month of August 2020.

32.     On March 15, 2021, Plaintiffs learned that Defendant Langer had remitted payment of the underpaid August 2020 contributions. That same day, the payroll auditor selected by Plaintiffs, DeBoer & Associates, advised Plaintiffs that Defendant Langer had refused to submit to a payroll audit.

33.     On March 19, 2021, Plaintiffs sent Defendant Langer a second and updated demand letter acknowledging the payment for the August 2020 underpaid contributions and demanding payment of all contributions due for the work months of December 2020 through February 2021, as well as Defendant Langer's compliance with a payroll audit. Defendant Langer failed and refused to respond to this demand letter.

34.     Plaintiffs sent Defendant Langer a third demand letter on May 13, demanding payment of all delinquent contributions for the work months of December 2020 through the date of the letter, as well as compliance with a payroll audit. The letter also warned Defendant Langer that Plaintiffs were prepared to enforce Defendant Langer's contractual and statutory obligations in federal court if necessary, and that in the event of a lawsuit Defendant Langer would face additional financial liabilities,

including but not limited to attorneys' fees and court costs. Defendant Langer failed and refused to respond to this demand letter.

35.     Plaintiffs have attempted to contact Defendant Langer by telephone multiple times. Defendant Langer has either failed to respond or abruptly ended all such telephone calls.

36.     Defendant Langer failed to report and/or remit the contributions as required by the CBA with Plaintiff Local 22 and Trust Agreements for the months of December 2020, January 2021, February 2021, March 2021, April 2021, and May 2021, and continues to refuse making such reports or contributions as of the date of this Complaint.

37.     Pursuant to the CBA, upon default, Plaintiffs may institute legal action for all amounts due and owing to the Plaintiffs, including delinquent contributions, interest, liquidated damages, costs, and attorneys' fees as allowed by the CBA and ERISA, 29 U.S.C. §§ 1132 and 1145.

38.     For the work months of December 2020 to present, Defendant Langer has not submitted to the Plaintiffs the requisite reports for said work months. Because Defendant Langer has not submitted the requisite reports for these work months, Plaintiffs are unable to determine Defendant Langer's indebtedness for these work months.

39.     As a result of Defendant Langer's failure to report and/or pay Plaintiffs contributions due and owing for the period of December 2020 to the present, Defendant Langer is in breach of the CBA and, as such, is liable to Plaintiffs in a yet to be determined amount as and for delinquent dues and contributions due and owing for the work months of December 2020 through the present.  Defendant Langer's liability to Plaintiffs will necessarily continue to grow as Defendant Langer continues to perform work covered by the CBA during the pendency of this action.

40.     The CBAs and 29 U.S.C. § 1132(g)(2)(B) provide that the Plaintiff Funds, excluding Plaintiff NEBF, are entitled to recover all interest that accrues upon delinquent contributions owed to

them at the rate prescribed in 26 U.S.C. § 6621.  As a result, Defendant Langer is also liable to said Plaintiff Funds in a yet to be determined amount as and for interest on the delinquent contribution due and owing to said Plaintiff Funds.  The amount of interest owed by Defendant Langer will necessarily increase during the pendency of this action.

41.     The CBAs and 29 U.S.C. § 1132(g)(2)(C) provide that the Plaintiff Funds are also entitled to recover liquidated damages equal to 10% of delinquent contributions. As a result, Defendant Langer is liable to the Plaintiff Funds in a yet to be determined amount as and for liquidated damages owed upon the delinquent contributions due and owing to the Plaintiff Funds.  The amount of liquidated damages owed by Defendant Langer will necessarily increase during the pendency of this action.

42.     In addition to the delinquent contributions to Plaintiffs NLMCC and LLMCC, pursuant to the CBAs to which Defendant Langer is bound, Defendant Langer is liable to Plaintiffs NLMCC and LLMCC for liquidated damages at the rate of fifteen percent (15%) but not less than Twenty Dollars ($20.00) per month, and interest at the rate of ten percent (10%) per annum.

43.     In addition to the delinquent contributions to Plaintiff NEBF, pursuant to the CBAs to which Defendant Langer is bound, Defendant Langer is liable to Plaintiff NEBF for liquidated damages at the rate of twenty percent (20%), and interest at the rate of ten percent (10%) compounded monthly throughout the period of the delinquency.

44.     The Plaintiffs have incurred and continue to incur attorneys' fees and other costs in efforts to collect the delinquent contributions that Defendant Langer owes.  The CBAs provide that the Plaintiffs are entitled to recover such attorneys' fees and other costs.  The Plaintiff Funds are also entitled to recover such attorneys' fees and other costs under 29 U.S.C. § 1132(g)(2)(D). As such, Plaintiffs are entitled to recover from Defendant Langer the attorneys' fees and other costs that Plaintiffs

have incurred or will incur in efforts to collect the delinquent contributions that Defendant Langer owes to Plaintiffs, including, but not limited to, the attorneys' fees and costs of this action.

**WHEREFORE**, Plaintiffs pray that the Court enter an Order:

(1)     Finding that Defendant Langer is liable to Plaintiffs for delinquent dues and fringe benefit contributions due and owing pursuant to the CBA and Trust Agreements;

(2)     Finding that Defendant Langer is liable to Plaintiffs for delinquent dues and fringe benefit contributions due upon the hours of covered work performed during December 2020 to the present, and for liquidated damages and accrued interest on the unpaid dues and contributions for the hours of covered work performed during December 2020 to the present;

(3)     Requiring Defendant Langer to permit a qualified, certified public accountant, selected by Plaintiffs, to audit Defendant Langer's books and records at Defendant Langer's expense to determine other contributions, liquidated damages, and interest that may be due and owing the Plaintiff Funds pursuant to the Collective Bargaining Agreement, including those for the unreported hours of covered work performed since December 2020;

(4)     Allowing Plaintiffs to apply for an award against Defendant Langer pursuant to the CBAs and Trust Agreements, which would include:

(a)     a yet to be determined amount as and for the delinquent contributions due upon the hours of covered work performed during December 2020 to the present, plus an additional amount as determined by the audit for the additional delinquent contribution that become due and owing during the pendency of this action;

(b)     a yet to be determined amount for liquidated damages due upon the delinquent contributions described above, plus an additional amount as determined by the audit due upon

the additional delinquent contributions that become due and owing during the pendency of this action;

> (c)   a yet to be determined amount for the interest accrued upon the delinquent dues and contributions described above, as well as interest that accrues during the pendency of this action; and

> (d)   Plaintiffs' costs of this action attributable to the collection of Defendant Langer's delinquent dues and contributions, including Plaintiffs' reasonable attorneys' fees.

(5)   Granting Plaintiffs such other relief that the Court may deem just and proper, including additional interest that accrues during the pending of this action.

Respectfully submitted:

**Blake & Uhlig, P.A.**
753 State Ave., Suite 475
Kansas City, Kansas 66101
(913) 321-8884 - Phone
(913) 321-2396 – Fax

By:   /s/ Frederick Zarate
Frederick Zarate
NE Bar No. 26680

**ATTORNEYS FOR THE PLAINTIFFS**