# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 22, et al., | 8:21CV263 |
| **Plaintiffs,** | ORDER |
| vs. | |
| LANGER ELECTRIC COMPANY, INC., | |
| **Defendant.** | |

This matter comes before the Court following a telephone conference held with counsel for the parties on January 4, 2023, regarding the Motion to Vacate Order Requiring Christopher Langer to Appear at a Hearing in Aid of Execution on January 5, 2023, and Produce Documents (Filing No. 53). The defendant and judgment debtor, Langer Electric Company, Inc. ("Langer Electric"), requests that the Court vacate its order requiring Christopher Langer, as principal and owner of Langer Electric, to appear for a debtor's examination and to produce certain documents regarding Langer Electric's finances. The defendant argues Christopher Langer is not the judgment debtor and therefore should not be compelled to appear for a debtor's examination. The defendant also asserts the document requests are overbroad.

As discussed during the telephone conference, the undersigned magistrate judge finds the plaintiffs' document requests are not overbroad. See *Credit Lyonnais, S.A. v. SGC Intern. Inc.*, 160 F.3d 428, 430 (8th Cir. 1998) ("[T]he presumption should be in favor of full discovery of any matters arguably related to [a judgment creditor's] efforts to trace [a judgment debtor's] assets and otherwise to enforce its judgment."). The undersigned magistrate judge also finds Christopher Langer, as principal and owner of Langer Electric, is appropriately subjected to the plaintiffs' discovery requests in aid of execution of the judgment. See Fed. R. Civ. P. 69(a)(2) ("In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.").

As such, in accordance with the discussion held with counsel during the telephone conference,

**IT IS ORDERED:**

1. The Motion to Vacate Order Requiring Christopher Langer to Appear at a Hearing in Aid of Execution on January 5, 2023, and Produce Documents (Filing No. 53) is granted, in part, and in part denied. The judgment debtor examination scheduled on January 5, 2023, is cancelled, and will be rescheduled after the parties meet and confer to find a mutually agreeable date and time for the examination.

2. On or before **January 11, 2023**, counsel for the parties shall meet and confer regarding:
    a. Documents to be produced by the judgment debtor prior to the rescheduled debtor's examination
    b. The necessity and scope of a protective order
    c. Christopher Langer's availability for a rescheduled debtor's examination

3. Thereafter, counsel shall submit a proposed order to the undersigned magistrate judge rescheduling the debtor's examination together with any agreed jointly proposed protective order.

Dated this 4th day of January, 2023.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge