IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 22, et al.,<br><br>**Plaintiffs,**<br><br>vs.<br><br>**LANGER ELECTRIC COMPANY, INC.,**<br><br>**Defendant.** | 8:21CV263<br><br>PROTECTIVE ORDER REGARDING CONFIDENTIALITY |

    Plaintiffs and Judgment Creditors, International Brotherhood of Electrical Workers Local Union No. 22 et al (collectively "Judgment Creditors") are in the process of enforcing the Judgment entered August 8, 2022 ("Judgment") in the above-referenced lawsuit (the "Action") which requires Langer Electric Company, Inc. ("Langer Electric") to disclose confidential and constitutionally protected private, business, and financial information. This Protective Order ("Protective Order") is, therefore, entered into pursuant to Federal Rule of Civil Procedure 26(c) to protect against unauthorized disclosure of such information, which could cause serious and irreparable harm to Langer Electric, and to ensure that such information will be used only for purposes of this Action.

    1.  Langer Electric and any third-party producing information, documents, or things in this Action shall have the right to designate as "Confidential," subject to this Order, any information, document, or thing, interrogatory answer, admission, pleading or testimony, or portion thereof: (a) that contains competitively sensitive financial, sales or other confidential business information, including without limitation trade secrets; or (b) that contains private or confidential personal information; or (c) that contains information received in confidence from third parties; or (d) that Langer Electric otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Langer Electric or any third party producing or disclosing any Confidential Material in this Action, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL — SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential Material or Confidential Information").

2. Langer Electric and any third-party producing information, documents, or things in this Action shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, interrogatory answer, admission, pleading or testimony, or portion thereof that contains highly sensitive proprietary, business or personal information, including but not limited to, trade secrets, privileged information or nonpublic technical, financial, personal or business information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of Langer Electric. Langer Electric or any third-party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend: "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY — SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only Material").

3. All Confidential Material and Attorneys' Eyes Only Material shall be used by the Judgment Creditors solely for purposes of collecting on their Judgment; and shall not be used for any business, commercial, competitive, personal or other purpose, or be disclosed by the Judgment Creditors or their counsel to anyone other than those set forth in Paragraph 4 herein, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely regarding collection of the Judgment based on his or her evaluation of Confidential Material and, provided that such advice and opinions shall not reveal the content of such Confidential Material except by prior written agreement of counsel for the parties, or by Order of the Court.

4. Confidential Material and the contents of Confidential Material may be disclosed only to the following individuals under the following conditions:

    a. Outside counsel (defined as any attorney who has entered an appearance in this Action on behalf of the Judgment Creditors) and relevant in-house counsel for the Judgment Creditors;

    b. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    c. The Court and court personnel;

    d. Any deponent may be shown or examined on any information, document

or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure; and

 e. The parties to this Action.

 5. Confidential Material received by the Judgment Creditors in this Action shall be used only by individuals permitted access to it under Paragraph 4 and only for purposes of this Action. Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) Langer Electric or its counsel, acting on its behalf, waive the claim of confidentiality, or (b) the Court orders such disclosure.

 6. With respect to any deposition or examination that involve a disclosure of Langer Electric's Confidential Material, Langer Electric shall have until thirty (30) days after receipt of the deposition transcript within which to inform all Judgment Creditors that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4 above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4 above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

 7. Documents and information produced and marked as Attorneys' Eyes Only may be disclosed only to the Court (through Restricted Filings as referenced below), counsel for the Judgment Creditors who has entered an appearance in this Action, relevant in-house counsel, and to such other persons as counsel for Langer Electric agrees in advance or as Ordered by the Court.

 8. To the extent that any portions of a deposition are to be designated as Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Order.

9. If counsel for the Judgment Creditors receives documents or information designated as Confidential or Attorneys' Eyes Only hereunder and objects to such designation of any or all of such items, the following procedure shall apply:

  a. Judgment Creditor, through counsel, shall serve on Langer Electric or third party a written objection to such designation, which shall identify the documents or information in question. Counsel for Langer Electric or third party shall respond in writing to such objection within ten (10) days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If Langer Electric or a nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

  b. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute in accordance with the procedures relating to resolution of discovery disputes as set forth in the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Nebraska, and the Orders of the Court in this Action. The document or information that is the subject of the filing shall be treated as being governed by its original designation pending resolution of the dispute.

10. All filings with the Court that quote or directly or indirectly reveal the content of Confidential Material or Attorney's Eyes Only Material shall be filed as Restricted Documents pursuant to the NECivR 5.3(c), without the need for any additional Motion or Order. All disclosures, discovery responses, and other documents that quote or directly or indirectly reveal the content of Confidential Material or Attorney's Eyes Only Material shall be treated as Confidential Material or Attorney's Eyes Only Material, the same as the information that they quote or directly or indirectly reveal.

11. If the need arises at any hearing before the Court for Judgment Creditors to disclose Confidential or Attorneys' Eyes Only information, they may do so only after giving notice to Langer Electric and as directed by the Court.

12. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material or of Attorneys' Eyes Only Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes only within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential Material or Attorneys' Eyes Only Material under this Protective Order.

13. Pursuant to Federal Rules of Evidence 502(b), 502(c), and 502(d) and Federal Rule of Civil Procedure 26(b)(5), the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity shall not constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege or work-product immunity on a basis other than waiver.

14. No information that is in the public domain, or that is already known by the receiving party through proper means, or that is or becomes available to a party from a source other than the party asserting confidentiality rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Material or Attorneys' Eyes Only Material under this Protective Order.

15. This Protective Order shall not deprive any party of its right to object to post-judgment discovery by any other party or on any otherwise permitted ground.

16. This Protective Order shall survive the termination of this Action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

17. Within 120 days after the Judgment has been satisfied, Judgment Creditors, their counsel and/or other individual subject to the terms hereof shall be under an obligation to certify,

under oath, that they have either returned to opposing counsel or destroyed all originals and unmarked copies of documents and things containing Confidential Material and Attorneys' Eyes Only Material and to destroy, should such source so request, all copies of Confidential Material and Attorneys' Eyes only Material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential Material and Attorneys' Eyes Only Material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order. To the extent a party requests the return of Confidential Material and Attorneys' Eyes Only Material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

DATED this 20th day of January, 2023.

BY THE COURT:

Michael D. Nelson
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the attached Protective Order Regarding Confidentiality that was issued by the United States District Court for the District of Nebraska in Case Number 8:21-cv-00263-RFR-MDN. I agree to comply with and to be bound by all the terms of that Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly agree that I will not disclose in any manner any information or item that is subject to that Order to any person or entity except in strict compliance with the provisions of that Order.

I further hereby agree to submit to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcing the terms of that Order, even if such enforcement proceedings occur after termination of the lawsuits listed above.

Date: _____

City and State where sworn and signed:

_____

Printed name: _____

Signature: _____